IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

LETICIA MAGANA and GERARDO )
MAGANA, )
          Plaintiffs, )
    )
    )
      v. )
    )
    )
KARL BERGER, DINO VITALO )
UNKNOWN CICERO POLICE OFFICERS,)
and THE TOWN OF CICERO, An )
Illinois Municipal Corporation, )
          Defendants. )

**07CV6651
JUDGE GRADY
MAG. JUDGE SCHENKIER**

**Plaintiff demands trial by jury.**

## COMPLAINT

Plaintiffs Leticia Magana and Gerardo Magana, by their attorneys Leo T.

McGonigal, John R. DeLeon and Peter J. Vilkelis, and for their Complaint against the

defendants Karl Berger, Dino Vitalo, Unknown Cicero Police Officers and the Town of

Cicero, state:

## FACTS COMMON TO ALL COUNTS

1.      The plaintiffs Leticia Magana and Gerardo Magana reside in the Town of

Cicero, County of Cook, and State of Illinois, within the Northern District of Illinois.

2.      That the defendant Karl Berger, hereafter referred to as "Berger", is a

police officer employed by the Town of Cicero and was at all times material hereto acting

in the scope of said employment and under color of state law.

3.      The defendant Dino Vitalo, hereafter referred to as "Vitalo", and certain

Cicero Police Officers whose identity is at this time unknown to the Plaintiff, hereafter

referred to as "Unknown Cicero Police Officers", were police officers employed by the Town of Cicero and were at all times material hereto acting in the scope of employment and under color of state law.

4.      The defendant Town of Cicero is an Illinois Municipal Corporation charged with a duty to so supervise, manage and control the Department of Police so that procedures are in effect to prevent the violation of civil rights by employees of the Town of Cicero Police Department.

5.      That on the afternoon of April 16, 2007 the Plaintiff Leticia Magana was in the back yard of her home on the 1400 block of 58th Avenue in Cicero, Illinois, sweeping her sidewalk and playing with her 9 year old Labrador retriever, "Blackie".

6.      That "Blackie" was an older, friendly and docile animal who was prone to running out of the back yard if the gate was left open.

7.      That at the aforesaid time and place her son Gerardo, then a minor, came into the yard through the back gate on his bicycle, and closed the gate behind him.

8.      That shortly thereafter Cicero police officers defendant Berger and defendant Vitalo pulled up in the alley behind the plaintiff's home in an unmarked vehicle.

9.      That defendants Berger and Vitalo were not in uniform.

10.      That defendants Berger and Vitalo parked their vehicle in the alley directly behind plaintiff's home.

11.      That defendants Berger and Vitalo then exited their vehicle with pistols drawn, and, without announcing their office and without a warrant entered plaintiff's yard through the back gate.

2

12.    That defendants Berger and Vitalo left the back gate open, and plaintiff's dog began to move toward the gate, apparently intent on running loose.

13.    That the plaintiff Leticia Magana cried out in fear when she saw the two men with drawn pistols entering her back yard.

14.    That defendant Vitalo opened fire in the direction of plaintiff's dog, firing at least four shots.

15.    That two of the shots fired by defendant Vitalo struck plaintiff's dog, "Blackie" seriously wounding him.

16.    That one of the shots fired by defendant Vitalo struck plaintiff Leticia Magana in her right leg.

17.    That when his mother was shot, Plaintiff Gerardo Magana was approximately five feet from her.

18.    That one of the shots fired by defendant Vitalo struck the plaintiff's home.

19.    That plaintiff Leticia Magana immediately experienced great pain and emotional distress.

20.    That plaintiff's dog "Blackie" lay on the ground, whining and writhing in pain from his wounds.

21.    That plaintiff Gerardo Magana experienced severe emotional distress due to his mother's shooting, the fear that he himself was in danger of great bodily injury or death at the hands of the defendants, the defendants' refusal to allow him to go to his mother's aid, the defendants' refusal to allow him to accompany his mother to the hospital, the defendants' decision to hold him in custody for many hours while their shooting of his mother was investigated despite his pleas to be allowed to go to the

3

hospital where his mother was being treated for her injuries, and by his family's pet shot and grievously injured.

22.     That after shooting plaintiff Leticia Magana and her dog, the defendant Vitalo callously ignored their injuries and set about collecting his spent shell casings.

23.     That plaintiff Leticia Magana's daughter Saida came out of the family home and attempted to offer her aid and comfort.

24.     That defendant Vitalo threatened Saida with arrest if she did not move away from her mother.

25.     That under this threat Saida moved away from her mother and tried to assist her dog, but was told to leave the dog alone because he was "evidence", and if she touched him she would be locked up.

26.     That neighbors of the family then came into the back yard and began giving Leticia first aid, but were ordered by the police officers to stop.

27.     That at the direction of defendant Berger plaintiff Gerardo Magana, who was demanding that the officers get his mother an ambulance, was handcuffed, placed in the back seat of a police car and taken to the Cicero police station.

28.     Gerardo was released that night without charges.


<u>COUNT I-</u>

<u>CLAIM UNDER 42 U.S.C. 1983- BY PLAINTIFF LETICIA MAGANA FOR
EXCESSIVE FORCE AGAINST DEFENDANTS VITALO AND BERGER</u>

29.     That plaintiff incorporates herein by this reference the allegations of paragraphs 1-28.

4

30. This is an action for damages for unlawful violation of civil rights under Title 42 U.S.C. 1983.

31. Jurisdiction is invoked under Title 28 U.S.C. 1331.

32. Venue is proper under Title 28 U.S.C. 1391.

33. That at all times material hereto the defendants Berger and Vitalo had a duty under the Fourteenth Amendment to the Constitution of the United States to refrain from the use of excessive force in their interaction with plaintiff Leticia Magana.

34. That notwithstanding said duty, the defendants were then and there guilty of one or more of the following wrongful acts and/or omissions to act:

        a. Displayed drawn weapons when entering plaintiff's back yard;

        b. Pointed those weapons in the direction of plaintiffs;

        c. Shot plaintiff Leticia Magana in the leg;

        d. Shot plaintiff's dog; and

        e. Recklessly used excessive force in order to cause the plaintiff injury.

35. That after wrongfully shooting the plaintiff Leticia Magana and causing her to sustain severe and permanent injury, the defendants wrongfully failed to assure that plaintiff received appropriate medical treatment, and instead needlessly proceeded to gather their spent shell casings before making any attempt to determine the nature and extent of plaintiff's injuries.

36. That as a direct and proximate result of one or more of the defendants' foregoing wrongful acts or omissions to act, the plaintiff sustained a violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United

5

States, severe and permanent injury to her person, pain, suffering, disability, mental anguish, and other diverse injuries.

WHEREFORE, Plaintiff Leticia Magana demands judgment against defendants Berger and Vitalo for the wrongful their violation of her right, to be free from the excessive use of force under the Fourth Amendment to the Constitution of the United States, made applicable to the states through the Fourteenth Amendment to the Constitution of the United States, in an amount to be set by the jury for compensatory damages, punitive damages in an amount sufficient to deter such wrongful conduct in the future, plus his attorneys fees and costs as provided in 42 U.S.C. 1988. Plaintiff demands trial by jury.

## COUNT II

## CLAIM FOR DAMAGES BY PLAINTIFF LETICIA MAGANA FOR  RECKLESS INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS AGAINST DEFENDANTS VITALO, BERGER and UNKNOWN CICERO POLICE OFFICERS

37. Plaintiff here incorporates by this reference the allegations of paragraphs 1-28 as if fully set forth herein.

38. Defendants Berger, Vitalo and Unknown Cicero Police Officers wrongfully prevented plaintiff's family friends and neighbors from rendering first aid to her for her gunshot wound by threatening them with incarceration if they continued to provide her assistance, although they knew or should have known that said treatment was necessary and that Plaintiff had sustained serious injuries and was in need of medical treatment to

6

address plaintiff's serious medical needs, thereby showing a reckless indifference to plaintiff's serious medical needs.

39. Defendants Berger, Vitalo and Unknown Cicero Police Officers wrongfully failed to immediately call an ambulance for plaintiff Leticia Magana, although they knew or should have known that said treatment was necessary and that Plaintiff had sustained serious injuries and was in need of medical treatment to address her serious medical needs, thereby showing a reckless indifference to plaintiff's serious medical needs.

WHEREFORE, Plaintiff Leticia Magana demands judgment Defendants Berger, Vitalo and Unknown Cicero Police Officers for the violation of Plaintiff's right under the Fourteenth Amendment to the Constitution of the United States, the amount of five million dollars as and for compensatory damages, punitive damages in an amount sufficient to deter such wrongful conduct in the future, plus his attorneys fees and costs as provided in 42 U.S.C. 1988. Plaintiff demands trial by jury.

## COUNT III

# *MONELL* CLAIM BY PLAINTIFF LETICIA MAGANA AGAINST DEFENDANT TOWN OF CICERO

40. Plaintiff here re-alleges the allegations of paragraphs 1-39 as if fully set forth herein.

41. That Defendant Town of Cicero is an Illinois Municipal Corporation, which operates, administers, maintains and controls the Cicero Police Department as one of its executive branches.

42. That the Town of Cicero has established policies and procedures

7

for its Police Department regarding the use of force, and regarding the provision of medical service to prisoners and detainees.

43.     That in establishing said procedures, the Defendant Town of Cicero had a duty under the Fourth and Eighth Amendments to the Constitution of the United States, made applicable to the states through the Fourteenth Amendment to the Constitution of the United States, to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that prisoners or detainees would be subjected to the use of excessive force by the Cicero Police Department officers, or policies and procedures which created a substantial likelihood that the serious medical needs of prisoners or detainees would not be treated with reckless indifference by its agents, servants and employees employed by the Cicero Police Department.

44.     That notwithstanding its aforesaid duties, the defendant Town of Cicero was guilty of one or more of the following wrongful acts or omissions to act in violation of the plaintiff's aforesaid Constitutional rights:

> a.  allowed policies and procedures to continue in force and effect which resulted in the use of outrageous excessive force against plaintiff,
>
> b.  had a custom and practice of failing to independently and adequately investigate complaints of excessive force,
>
> c.  had a custom and practice of failing to effectively discipline or retrain police officers who wrongfully utilized excessive force,
>
> d.  failed to establish appropriate policies and procedures to address the repeated use of excessive force by police officers,

8

e.  allowed the continuance in force and effect of policies and procedures which failed to protect detainees who had sustained injury from the reckless indifference of Defendant Town of Cicero's agents, servants and employees in the Cicero Police Department to their serious medical needs.

45.      That as a direct and proximate result of one or more of the defendant's foregoing wrongful acts or omissions to act, the plaintiff sustained a violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and other diverse injuries

WHEREFORE, Plaintiff Leticia Magana demands judgment against the defendant Town of Cicero, an Illinois Municipal Corporation, in the amount of five million dollars as and for compensatory damages, plus attorney's fees and costs as provided in 42 U.S.C. 1988. Plaintiff demands trial by jury.

## COUNT IV

### CLAIM FOR UNLAWFUL SEIZURE BY GERARDO MAGANA AGAINST DEFENDANTS BERGER VITALO AND UNKNOWN CICERO POLICE OFFICERS

46.      That plaintiff incorporates herein by this reference the allegations of paragraphs 1-28.

47. This is an action for damages for unlawful violation of civil rights under Title 42 U.S.C. 1983.

48. Jurisdiction is invoked under Title 28 U.S.C. 1331.

49. Venue is proper under Title 28 U.S.C. 1391.

50. That at all times material hereto the defendants Berger, Vitalo and Unknown Cicero Police Officers had a duty under the Fourteenth Amendment to the Constitution of the United States to refrain from the violating the right of plaintiff Gerardo Magana to be free from unlawful search and seizure.

51. That notwithstanding said duty, the defendants were then and there guilty of one or more of the following wrongful acts and/or omissions to act:

    a.  Displayed drawn weapons when entering plaintiff's back yard;

    b.  Pointed those weapons in the direction of plaintiffs;

    c.  Shot plaintiff Leticia Magana in the leg;

    d.  Shot plaintiff's dog;

    e.  Seized the person of plaintiff Gerardo Magana;

    f.  Handcuffed plaintiff Gerardo Magana;

    g.  Prevented plaintiff Gerardo Magana from aiding or comforting his mother Leticia Magana after said defendants wrongfully shot her;

    h.  Held plaintiff in custody without probable cause for an extended period of time while his mother received treatment for her injuries;

    i.  Fired a weapon in plaintiff's direction, placing him in fear of death or great bodily harm; and

    j.  Recklessly used excessive force in violation of plaintiff's constitutional rights.

52. That as a direct and proximate result of one or more of the defendants'

foregoing wrongful acts or omissions to act, the plaintiff sustained a violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, was wrongfully deprived of his right to be free from false arrest and false imprisonment, and caused to suffer physical and mental pain, suffering, anguish, and other diverse injuries.

WHEREFORE, Plaintiff Gerardo Magana demands judgment against defendants Berger, Vitalo and Unknown Cicero Police Officers for the wrongful their violation of his right, to be free from being unlawfully seized, falsely arrested, falsely imprisoned and subjected to the excessive use of force under the Fourth Amendment to the Constitution of the United States, made applicable to the states through the Fourteenth Amendment to the Constitution of the United States, in the amount of five million dollars as and for compensatory damages, punitive damages in an amount sufficient to deter such wrongful conduct in the future, plus his attorneys fees and costs as provided in 42 U.S.C. 1988. Plaintiff demands trial by jury.

## COUNT V

## *MONELL* CLAIM BY PLAINTIFF GERARDO MAGANA AGAINST DEFENDANT TOWN OF CICERO

53.     Plaintiff here re-alleges the allegations of paragraphs 1-39 as if fully set forth herein.

54.     That Defendant Town of Cicero is an Illinois Municipal

11

Corporation, which operates, administers, maintains and controls the Cicero Police
Department as one of its executive branches.

55.    That the Town of Cicero has established policies and procedures
for its Police Department regarding the use of force, and regarding the provision of
medical service to prisoners and detainees.

56.    That in establishing said procedures, the Defendant Town of Cicero had a
duty under the Fourth and Eighth Amendments to the Constitution of the United States,
made applicable to the states through the Fourteenth Amendment to the Constitution of
the United States, to refrain from enforcing or continuing in effect policies and
procedures that created a substantial likelihood that prisoners or detainees would be
subjected to the use of excessive force by the Cicero Police Department officers, or
policies and procedures which created a substantial likelihood that persons would be
wrongfully seized, falsely arrested, and/or wrongfully held in custody without probable
cause by its agents, servants and employees employed by the Cicero Police Department.

57.    That notwithstanding its aforesaid duties, the defendant Town of Cicero
was guilty of one or more of the following wrongful acts or omissions to act in violation
of the plaintiff's aforesaid Constitutional rights:

> a.    allowed policies and procedures to continue in force and effect which
> resulted in the use of outrageous excessive force against plaintiff,
>
> b.    had a custom and practice of failing to independently and adequately
> investigate complaints of excessive force,
>
> c.    had a custom and practice of failing to effectively discipline or retrain
> police officers who wrongfully utilized excessive force,

12

d.  failed to establish appropriate policies and procedures to address the repeated use of excessive force by police officers,

e.  allowed the continuance in force and effect of policies and procedures which failed to protect detainees who had sustained injury from the reckless indifference of Defendant Town of Cicero's agents, servants and employees in the Cicero Police Department to their serious medical needs.

58.    That as a direct and proximate result of one or more of the defendant's foregoing wrongful acts or omissions to act, the plaintiff sustained a violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, was unlawfully seized and wrongfully held in custody, and suffered severe emotional distress, pain, suffering, mental anguish, humiliation, and other diverse injuries.

WHEREFORE, Plaintiff demands judgment against the defendant Town of Cicero, an Illinois Municipal Corporation, in the amount of five million dollars as and for compensatory damages, plus his attorney's fees and costs as provided in 42 U.S.C. 1988. Plaintiff demands trial by jury.

### COUNT VI

### CLAIM FOR COMMON LAW BATTERY BY LETICIA MAGANA AGAINST DEFENDANTS BERGER, VITALO AND TOWN OF CICERO

59.    Plaintiff re-alleges as if fully set forth herein the allegations of paragraphs 1-28 by this reference.

13

60.   That Plaintiffs invoke the pendent jurisdiction of this Court over this common law claim pursuant to **28 U.S.C.A. § 1367.**

61.   That at all times material hereto the defendants Berger and Vitalo were on duty Cicero police officers and were acting in the scope of their employment by the defendant Town of Cicero as police officers for said town.

62.   That the defendants' foregoing acts constitute a battery under the common law

of the state of Illinois.

63.   That the foregoing acts were done by defendants without any cause or provocation by the Plaintiff with intent to cause her injury or with reckless indifference to the foreseeable danger of death or great bodily harm to the plaintiff.

64.   That as a direct and proximate result of the defendants' aforesaid acts, the Plaintiff suffered severe and permanent injury to her person, pain, suffering, disability, loss of income, mental anguish, humiliation and other diverse injuries.

WHEREFORE, Plaintiff Leticia Magana demands judgment against the defendants Berger, Vitalo and the Town of Cicero, an Illinois Municipal Corporation, in the amount of five million dollars plus her costs of suit.

<u>COUNT VII</u>

<u>STATE LAW CLAIM BY LETICIA MAGANA AND GERARDO MAGANA</u>

<u>FOR RECKLESS INFLICTION OF EMOTIONAL DISTRESS AGAINST</u>

<u>DEFENDANTS BERGER, VITALO, UNKNOWN CICERO POLICE OFFICERS</u>

<u>AND TOWN OF CICERO</u>

64.   Plaintiff re-alleges as if fully set forth herein the allegations of paragraphs

1-28 by this reference.

65. That Plaintiffs invoke the pendent jurisdiction of this Court over this common law claim pursuant to **28 U.S.C.A. § 1367.**

66. That at all times material hereto the defendants Berger, Vitalo and Unknown Cicero Police Officers were on duty Cicero police officers and were acting in the scope of their employment by the defendant Town of Cicero as police officers for said town.

67. That the defendants knew or should have known that their actions in shooting Leticia Magana, denying the plaintiff Gerardo Magana, his sister and their neighbors the opportunity to offer her aid and comfort after the shooting, shooting the family dog, shooting in the direction and in close proximity to plaintiff Gerardo Magana, refusing to allow anyone to give aid or comfort to their dog after it sustained two gunshot wounds, seizing plaintiff Gerardo Magana, wrongfully keeping him in custody for an extended period, and refusing to allow plaintiff Gerardo Magana to go to the hospital where his mother was receiving treatment for her wounds subjected the plaintiffs to a substantial likelihood of suffering extreme emotional distress.

68. That the defendants' foregoing acts were committed with a reckless, willful and wanton disregard for the safety of the plaintiffs and their right to be free from actions which they knew or should have known were likely to cause them to suffer extreme emotional distress.

69. That the foregoing acts were done without cause or provocation by the Plaintiff with intent to cause her injury or with reckless indifference to the foreseeable danger of death or great bodily harm to the plaintiff.

70. That as a direct and proximate result of the defendants' aforesaid acts, the

15

Plaintiffs Leticia Magana and Gerardo Magana suffered severe and extreme emotional distress, mental anguish, humiliation and other diverse injuries.

WHEREFORE, Plaintiffs Leticia Magana and Gerardo Magana demand judgment against the defendants Berger, Vitalo, Unknown Cicero Police Officers and the Town of Cicero, an Illinois Municipal Corporation, in the amount of five million dollars plus costs of suit.

COUNT VIII, STATE LAW CLAIM FOR GROSS NEGLIGENCE BY

LETICIA MAGANA AND GERARDO MAGANA AGAINST DEFENDANTS

BERGER, VITALO, UNKNOWN CICERO POLICE OFFICERS

AND TOWN OF CICERO

71.    Plaintiff here incorporates by this reference the allegations of paragraphs 1-28 as if fully set forth herein.

72.    That at all times material hereto the defendants Berger, Vitalo and Unknown Cicero Police Officers, individually and as agents, servants and employees of the defendant Town of Cicero, had a duty to refrain from causing injury to the Plaintiff Leticia Magana through gross negligence or willful and wanton misconduct.

73.    That in breach of their duty to refrain from causing injury to the Plaintiff through their gross negligence or willful and wanton misconduct, Berger, Vitalo and Unknown Cicero Police Officers, individually and as agents, servants and employees of Defendant Town of Cicero, the Defendants were guilty of one or more of the following grossly negligent and/or willful and wanton acts or omissions to act:

16

a.  willfully and wantonly or with gross negligence entered the back yard

of plaintiffs with drawn pistols;

b.  willfully and wantonly or with gross negligence shot the plaintiff

Leticia Magana;

c.  willfully and wantonly or with gross negligence shot the plaintiffs'

dog, "Blackie";

d.  willfully and wantonly or with gross negligence shot in the direction

and in close proximity to the plaintiff Gerardo Magana;

e.  willfully and wantonly or with gross negligence falsely arrested and

unlawfully held in custody the plaintiff Gerardo Magana;

f.  willfully and wantonly or with gross negligence refused to allow

plaintiff Leticia Magana's family, friends and neighbors to provide her

with aid or comfort after shooting her;

g.  willfully and wantonly or with gross negligence used excessive force

in order to cause the plaintiff Leticia Magana injury although the

defendants knew, or should have known, that such conduct posed an

unreasonable risk of causing serious injury to the plaintiff.

74.    That as a direct and proximate result of one or more of the defendant's

wrongful acts or omissions to act the Plaintiff Leticia Magana sustained severe and

permanent injury to her person, pain, suffering, disability, mental anguish, humiliation

and other diverse injuries.

WHEREFORE, Plaintiffs Leticia Magana and Gerardo Magana demand judgment

against the defendants Berger, Vitalo, Unknown Cicero Police Officers and the Town of

17

Cicero, an Illinois Municipal Corporation, in the amount of five million dollars plus costs

of suit.

Plaintiff demands trial by jury on each Count of this complaint.

Respectfully submitted,

**Leo T. McGonigal**
Digitally signed by Leo T. McGonigal
DN: cn=Leo T. McGonigal, c=US
Date: 2007.11.26 15:51:20 -06'00'

One of the Attorneys for Plaintiff

| | | |
|---|---|---|
| **Leo T. McGonigal** | **John R. DeLeon** | **Peter J. Vilkelis** |
| 53 W. Jackson Blvd., | 53 W. Jackson Blvd., | 53 W. Jackson Blvd., |
| Ste. 1430 | Ste. 1430 | Ste. 1430 |
| Chicago, IL 60604 | Chicago IL 60604 | Chicago IL 60604 |
| 312-427-6226 | 312-347-0024 | 312-347-0028 |