**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| LETICIA MAGANA and GERARDO MAGANA, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No.    07 C 6651 |
| | ) | |
| KARL BERGER, DINO VITALO, | ) | Judge Guzman |
| UNKNOWN CICERO POLICE | ) | |
| OFFICERS and THE TOWN OF CICERO, | ) | Magistrate Judge Schenkier |
| An Illinois Municipal Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO AFFIRMATIVE DEFENSES OF THE TOWN OF CICERO

Plaintiffs Leticia Magana and Gerardo Magana, by their attorneys, Leo T. McGonigal, John DeLeon and Peter Vilkelis, in response to the Affirmative Defenses set out by the Town of Cicero state:

1.    Under the Illinois Local Governmental and Governmental Employee Tort Immunity Act ("Tort Immunity Act"), defendant Town of Cicero (a local public entity) is not liable if its employees or agents are not liable to the Plaintiff.  745 ILCS 10/2-109. Accordingly, Plaintiff's state law claims against the Town of Cicero are barred in whole or in part by the Tort Immunity Act.

**RESPONSE:  Plaintiffs deny that Chapter 745 ILCS 10/2-109 provides immunity to Defendant Town of Cicero under the facts set out in the Complaint. Therefore, Plaintiffs request that the Town of Cicero's First Affirmative Defense be denied.**

2.    Under the Tort Immunity Act, defendant Town of Cicero (a local public entity) is not liable because a public employee is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204.  Accordingly, Plaintiff's state law

1

claims against the Town of Cicero are barred in whole or in part by the Tort Immunity

Act.

      **RESPONSE:  Plaintiffs deny that 745 ILCS 10/2-204 provides immunity to Defendant Town of Cicero under the facts set out in Plaintiff's Complaint. Accordingly, Plaintiff requests that Defendant Town of Cicero's Second Affirmative Defense be denied.**

      3.    Under the Tort Immunity Act, defendant Town of Cicero (a local public

entity) is not liable because a public employee is not liable for his acts or omissions in the

execution or enforcement of any law, unless such acts or omissions constitute willful and

wanton conduct.  745 ILCS 10/2-202.  Accordingly, Plaintiff's state law claims against

the Town of Cicero are barred in whole or in part by the Tort Immunity Act.

      **RESPONSE:  Plaintiffs deny that the provisions of 745 ILCS 10/2-202 provide Defendant Town of Cicero with immunity under the facts set out in Plaintiff's Complaint. Accordingly, Plaintiff request that this Court deny Defendant Town of Cicero's Third Affirmative Defense.**

      4.    Under the Tort Immunity Act, defendant Town of Cicero (a local public

entity) is not liable because the individual defendants exercised discretion on a non-

ministerial matter and are not liable for any resulting injuries.   745 ILCS 10/2-201.

Accordingly, Plaintiff's state law claims against the Town of Cicero are barred in whole

or in part by the Tort Immunity Act.

      **RESPONSE:  Plaintiffs deny that 745 ILCS 10/2-201 provides Defendant Town of Cicero with immunity under the facts set out in Plaintiff's Complaint. Accordingly, Plaintiff requests that the Court deny the Fourth Affirmative Defense set out by Defendant Town of Cicero.**

      5.    Probable cause existed for the arrest of Plaintiff.  Accordingly, Plaintiff's

claims against the Town of Cicero are barred in whole or in part.

      **RESPONSE:  Defendant Town of Cicero has set out for its Fifth Affirmative Defense the allegation that "probable cause existed for the arrest of Plaintiff," and argues that Plaintiff's claims against the Town Of Cicero are**

**barred in whole or in part.  This defense is so lacking in essential details that it is impossible to determine: (a) the charge(s) upon which defendant contends there was probable cause to arrest either plaintiff, (b) whether it asserts this defense regarding any particular claim or claims, and (c) whether it is asserted against both plaintiffs or only one of them.  Neither Plaintiff Leticia Magana nor Plaintiff Gerardo Magana were arrested as a result of the occurrence set out in the Complaint.  Plaintiffs have not yet made any claim for unlawful arrest in their Complaint.  Plaintiff therefore requests that Defendants Fifth Affirmative Defense be stricken, as it is not relevant to any issue in the Complaint.**

6.    To the extent any injuries or damages caused by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

**RESPONSE:  Plaintiffs deny that they are guilty of any negligent, willful, wanton and/or other wrongful conduct which proximately caused their injuries, and therefore request that the Court deny Defendant Town of Cicero's Sixth Affirmative Defense.**

Respectfully submitted,

_____
One of the Attorneys for Plaintiffs

Atty. Code 1840800
LEO T. McGONIGAL
53 W. Jackson Blvd.
Suite 1430
Chicago, IL  60604
312-427-6226