**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| LETICIA MAGANA and GERARDO MAGANA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 07 C 6651 |
| KARL BERGER, DINO VITALO UNKNOWN CICERO POLICE OFFICERS, and THE TOWN OF CICERO, An Illinois Municipal Corporation, | ) ) ) ) ) | Judge Guzman |
| Defendants. | ) | |

<u>**KARL BERGER AND DINO VITALO'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**</u>

Defendant, KARL BERGER AND DINO VITALO (the "Individual Defendant Officers"), by their attorney, K. Austin Zimmer, of DEL GALDO LAW GROUP, LLC, in answer to the Plaintiff's Complaint, state as follows:

<u>FACTS COMMON TO ALL COUNTS</u>

1.      The plaintiffs Leticia Magana and Gerardo Magana reside in the Town of Cicero, County of Cook, and State of Illinois, within the Northern District of Illinois.

**ANSWER:  The Individual Defendant Officers lack sufficient information as to admit or deny the residency status of Plaintiffs.**

2.      That the defendant Karl Berger, hereafter referred to as "Berger", is a police officer employed by the Town of Cicero and was at all times material hereto acting in the scope of said employment and under color of state law.

**ANSWER:  The Individual Defendant Officers admit the allegations contained in Paragraph 2 of the Complaint.**

3.    The defendant Dino Vitalo, hereafter referred to as "Vitalo", and certain Cicero Police Officers whose identity is at this time unknown to the Plaintiff, hereafter referred to as "Unknown Cicero Police Officers", were police officers employed by the Town of Cicero and were at all times material hereto acting in the scope of employment and under color of state law.

ANSWER:  **The Individual Defendant Officers admit the allegations contained in Paragraph 3 of the Complaint.**

4.    The defendant Town of Cicero is an Illinois Municipal Corporation charged with a duty to so supervise, manage and control the Department of Police so that procedures are in effect to prevent the violation of civil rights by employees of the Town of Cicero Police Department.

**ANSWER:  The Individual Defendant Officers admit the allegations contained in Paragraph 4 of the Complaint.**

5.    That on the afternoon of April 16, 2007 the Plaintiff Leticia Magana was in the back yard of her home on the 1400 block of 58th Avenue in Cicero, Illinois, sweeping her sidewalk and playing with her 9 year old Labrador retriever, "Blackie".

**ANSWER:   The Individual Defendant Officers lack sufficient information to admit or deny the truth of the specific allegations contained in paragraph 5 of the Complaint.   The Individual Defendant Officers deny all allegations not specifically admitted.**

6.    That "Blackie" was an older, friendly and docile animal who was prone to running out of the back yard if the gate was left open.

**ANSWER:    The Individual Defendant Officers lack sufficient information to admit or deny the truth of the allegations contained in paragraph 6 of the Complaint.  The Individual Defendant Officers deny all allegations not specifically admitted.**

7.     That at the aforesaid time and place her son Gerardo, then a minor, came into the

yard through the back gate on his bicycle, and closed the gate behind him.

**ANSWER:     The Individual Defendant Officers deny the allegations contained in paragraph 7 of the Complaint.**

8.     That shortly thereafter Cicero police officers defendant Berger and defendant

Vitalo pulled up in the alley behind the plaintiff's home in an unmarked vehicle.

**ANSWER:     The Individual Defendant Officers admit that they pulled up in the alley to the South of the Plaintiff's home.**

9.     That defendants Berger and Vitalo were not in uniform.

**ANSWER:     The Individual Defendant Officers admit the allegations contained in paragraph 9 of the Complaint.**

10.     That defendants Berger and Vitalo parked their vehicle in the alley directly behind

plaintiff's home.

**ANSWER:     The Individual Defendant Officers deny the truth of the allegations contained in paragraph 10 of the Complaint.  However, admit that they parked in the alley to the South of the Plaintiff's home.**

11.     That defendants Berger and Vitalo then exited their vehicle with pistols drawn,

and, without announcing their office and without a warrant entered plaintiffs yard through the

back gate.

**ANSWER:     The Individual Defendant Officers deny the allegations contained in paragraph 11 of the Complaint.**

12.     That defendants Berger and Vitalo left the back gate open, and plaintiff's move

toward the gate, apparently intent on running loose.

**ANSWER:     The Individual Defendant Officers deny the allegations contained in**

**paragraph 12 of the Complaint.**

13.    That the plaintiff Leticia Magana cried out in fear when she saw the two men with

drawn pistols entering her back yard.

**ANSWER:    The Individual Defendant Officers deny the allegations contained in paragraph 13 of the Complaint.**

14.    That defendant Vitalo opened fire in the direction of plaintiff's dog, firing at least

four shots.

**ANSWER:    The Individual Defendant Officers admit that Vitalo fired in the direction of the Plaintiff's dog.**

15.    That two of the shots fired by defendant Vitalo struck plaintiffs dog, "Blackie"

seriously wounding him.

**ANSWER:    The Individual Defendant Officers admit that at least one of the shots fired by Vitalo struck the Plaintiff's dog.**

16.    That one of the shots fired by defendant Vitalo struck plaintiff Leticia Magana in

her right leg.

**ANSWER:    The Individual Defendant Officers lack sufficient information to admit or deny the specific allegations contained in paragraph 16 of the Complaint. The Individual Defendant Officers deny all allegations not specifically admitted.**

17.    That when his mother was shot, Plaintiff Gerardo Magana was approximately five

feet from her.

**ANSWER:    The Individual Defendant Officers deny the allegations contained in paragraph 17 of the Complaint.**

18.    That one of the shots fired by defendant Vitalo struck the plaintiff's home.

**ANSWER:    The Individual Defendant Officers lack sufficient information to admit or deny the truth of the allegations contained in paragraph 18 of the Complaint. The Individual Defendant Officers deny all allegations not specifically admitted.**

19.     That plaintiff Leticia Magana immediately experienced great pain and emotional

distress.

**ANSWER:    The Individual Defendant Officers lack sufficient information to admit or deny the truth of the allegations contained in paragraph 19 of the Complaint. The Individual Defendant Officers deny all allegations not specifically admitted.**

20.     That plaintiff's dog "Blackie" lay on the ground, whining and writhing in pain

from his wounds.

**ANSWER:    The Individual Defendant Officers deny the allegations contained in paragraph 20 of the Complaint.**

21.     That plaintiff Gerardo Magana experienced severe emotional distress due to his

mother's shooting, the fear that he himself was in danger of great bodily injury or death at the

hands of the defendants, the defendants' refusal to allow him to go to his mother's aid, the

defendants' refusal to allow him to accompany his mother to the hospital, the defendants'

decision to hold him in custody for many hours while their shooting of his mother was

investigated despite his pleas to be allowed to go to the hospital where his mother was being

treated for her injuries, and by his family's pet shot and grievously injured.

**ANSWER:    The Individual Defendant Officers lack sufficient information to admit or deny the truth of the allegations contained in paragraph 21 of the Complaint. The Individual Defendant Officers deny all allegations not specifically admitted.**

22.     That after shooting plaintiff Leticia Magana and her dog, the defendant Vitalo

callously ignored their injuries and set about collecting his spent shell casings.

**ANSWER:    The Individual Defendant Officers deny the allegations contained in paragraph 22 of the Complaint.**

23.     That plaintiff Leticia Magana's daughter Saida came out of the family home and

attempted to offer her aid and comfort.

**ANSWER:   The Individual Defendant Officers lack sufficient information to admit or deny the truth of the allegations contained in paragraph 23 of the Complaint.  The Individual Defendant Officers deny all allegations not specifically admitted.**

24.     That defendant Vitalo threatened Saida with arrest if she did not move away from

her mother.

**ANSWER:    The Individual Defendant Officers deny the allegations contained in paragraph 24 of the Complaint.**

25.     That under this threat Saida moved away from her mother and tried to assist her

dog, but was told to leave the dog alone because he was "evidence", and if she touched him she

would be locked up.

**ANSWER:    The Individual Defendant Officers deny the allegations contained in paragraph 25 of the Complaint.**

26.     That neighbors of the family then came into the back yard and began giving

Leticia first aid, but were ordered by the police officers to stop.

**ANSWER:    The Individual Defendant Officers lack sufficient information to admit or deny the truth of the allegations contained in paragraph 26 of the Complaint.  The Individual Defendant Officers deny all allegations not specifically admitted.**

27.     That at the direction of defendant Berger plaintiff Gerardo Magana, who was

demanding that the officers get his mother an ambulance, was handcuffed, placed in the back

seat of a police car and taken to the Cicero police station.

**ANSWER:    The Individual Defendant Officers admit that Magana was arrested. However, the Individual Defendant Officers deny the remaining allegations contained in paragraph 27 of the Complaint.**

28.     Gerardo was released that night without charges.

**ANSWER:    The Individual Defendant Officers admit the allegations contained in paragraph 28 of the Complaint.**

<u>COUNT I</u>

<u>CLAIM UNDER 42 U.S.C. 1983- BY PLAINTIFF LETICIA MAGANA FOR
EXCESSIVE FORCE AGAINST DEFENDANTS VITALO AND BERGER</u>

29.      That plaintiff incorporates herein by this reference the allegations of paragraphs 1-

28.

**ANSWER:   The Individual Defendant Officers re-allege and incorporates by
reference their answers to paragraphs 1 through 29 of the Complaint as though set forth in
this paragraph 29 of their Answer to the Complaint in their entirety.**

30. This is an action for damages for unlawful violation of civil rights under Title 42

U.S.C. 1983.

**ANSWER:   The Individual Defendant Officers admit the allegations contained in
Paragraph 30 of the Complaint.**

31. Jurisdiction is invoked under Title 28 U.S.C. 1331.

**ANSWER:   The Individual Defendant Officers admit the allegations contained in
Paragraph 31 of the Complaint.**

32. Venue is proper under Title 28 U.S.C. 1391.

**ANSWER:   The Individual Defendant Officers admit the allegations contained in
Paragraph 32 of the Complaint.**

33. That at all times material hereto the defendants Berger and Vitalo had a duty under

the Fourteenth Amendment to the Constitution of the United States to refrain from the use of

excessive force in their interaction with plaintiff Leticia Magana.

**ANSWER:   The Individual Defendant Officers admit that said duty exists, but
denies that Berger and/or Vitalo violated said duty.**

34. That notwithstanding said duty, the defendants were then and there guilty of one or

more of the following wrongful acts and/or omissions to act:

     a.   Displayed drawn weapons when entering plaintiff's back yard;

     b.   Pointed those weapons in the direction of plaintiffs;

     c.   Shot plaintiff Leticia Magana in the leg;

     d.   Shot plaintiffs dog; and

     e.   Recklessly used excessive force in order to cause the plaintiff injury.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 34(a)-(e) of the Complaint.**

35.    That after wrongfully shooting the plaintiff Leticia Magana and causing her to sustain severe and permanent injury, the defendants wrongfully failed to assure that plaintiff received appropriate medical treatment, and instead needlessly proceeded to gather their spent shell casings before making any attempt to determine the nature and extent of plaintiff's injuries.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 35 of the Complaint.**

36.    That as a direct and proximate result of one or more of the defendants' foregoing wrongful acts or omissions to act, the plaintiff sustained a violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, severe and permanent injury to her person, pain, suffering, disability, mental anguish, and other diverse injuries.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 36 of the Complaint.**

<u>COUNT II</u>

<u>CLAIM FOR DAMAGES BY PLAINTIFF LETICIA MAGANA FOR RECKLESS INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS AGAINST DEFENDANTS VITALO, BERGER and UNKNOWN CICERO POLICE OFFICERS</u>

37. Plaintiff here incorporates by this reference the allegations of paragraphs 1-28 as if fully set forth herein.

**ANSWER:   The Individual Defendant Officers re-allege and incorporate by reference their answers to paragraphs 1 through 37 of the Complaint as though set forth in this paragraph 37 of their Answer to the Complaint in their entirety.**

38. Defendants Berger, Vitalo and Unknown Cicero Police Officers wrongfully prevented plaintiffs family friends and neighbors from rendering first aid to her for her gunshot wound by threatening them with incarceration if they continued to provide her assistance, although they knew or should have known that said treatment was necessary and that Plaintiff had sustained serious injuries and was in need of medical treatment to address plaintiff's serious medical needs, thereby showing a reckless indifference to plaintiffs serious medical needs.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 38 of the Complaint.**

39.   Defendants Berger, Vitalo and Unknown Cicero Police Officers wrongfully failed to immediately call an ambulance for plaintiff Leticia Magana, although they knew or should have known that said treatment was necessary and that Plaintiff had sustained serious injuries and was in need of medical treatment to address her serious medical needs, thereby showing a reckless indifference to plaintiffs serious medical needs.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 39 of the Complaint.**

COUNT III

*MONELL* CLAIM BY PLAINTIFF LETICIA MAGANA AGAINST
DEFENDANT TOWN OF CICERO

40.    Plaintiff here re-alleges the allegations of paragraphs 1-39 as if fully set forth herein.

**ANSWER:    The Individual Defendant Officers re-allege and incorporate by reference their answers to paragraphs 1 through 40 of the Complaint as though set forth in this paragraph 40 of their Answer to the Complaint in their entirety.**

41.   That Defendant Town of Cicero is an Illinois Municipal Corporation, which operates, administers, maintains and controls the Cicero Police Department as one of its executive branches.

**ANSWER:  The Individual Defendant Officers admit the existence of the Cicero Police Department and that said Department employs police officers.**

42.   That the Town of Cicero has established policies and procedure for its Police Department regarding the use of force, and regarding the provision of medical service to prisoners and detainees.

**ANSWER:  The Individual Defendant Officers admit the allegations contained in Paragraph 42 of the Complaint.**

43.   That in establishing said procedures, the Defendant Town of Cicero had a duty under the Fourth and Eighth Amendments to the Constitution of the United States, made applicable to the states through the Fourteenth Amendment to the Constitution of the United States, to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that prisoners or detainees would be subjected to the use of excessive force by the Cicero Police Department officers, or policies and procedures which created a substantial likelihood that the serious medical needs of prisoners or detainees would not be treated with reckless indifference by its agents, servants and employees employed by the Cicero Police Department.

**ANSWER:  The Individual Defendant Officers admit the said duty of the Town, but deny that the Town violated said duty and/or the remaining allegations contained in Paragraph 43 of the Complaint.**

44.   That notwithstanding its aforesaid duties, the defendant Town of Cicero was guilty of one or more of the following wrongful acts or omissions to act in violation of the plaintiff's aforesaid Constitutional rights:

a. allowed policies and procedures to continue in force and effect which resulted in the use of outrageous excessive force against plaintiff,

b. had a custom and practice of failing to independently and adequately investigate complaints of excessive force,

c. had a custom and practice of failing to effectively discipline or retrain police officers who wrongfully utilized excessive force,

d. failed to establish appropriate policies and procedures to address the repeated use of excessive force by police officers,

e. allowed the continuance in force and effect of policies and procedures which failed to protect detainees who had sustained injury from the reckless indifference of Defendant Town of Cicero's agents, servants and employees in the Cicero Police Department to their serious medical needs.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 44(a)-(e) of the Complaint.**

45.      That as a direct and proximate result of one or more of the defendant's foregoing wrongful acts or omissions to act, the plaintiff sustained a violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and other diverse injuries.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 45 of the Complaint.**

<u>COUNT IV</u>

<u>CLAIM FOR UNLAWFUL SEIZURE BY GERARDO MAGANA AGAINST DEFENDANTS BERGER VITALO AND UNKNOWN CICERO POLICE OFFICERS</u>

46.     That plaintiff incorporates herein by this reference the allegations of paragraphs 1-

28.

**ANSWER:  The Individual Defendant Officers re-allege and incorporate by reference its answers to paragraphs 1 through 46 of the Complaint as though set forth in this paragraph 46 of their  Answer to the Complaint in their entirety.**

47. This is an action for damages for unlawful violation of civil rights under Title 42

U.S.C. 1983.

**ANSWER:  The Individual Defendant Officers admit the allegations contained in Paragraph 47 of the Complaint.**

48. Jurisdiction is invoked under Title 28 U.S.C. 1331.

**ANSWER:  The Individual Defendant Officers admit the allegations contained in Paragraph 48 of the Complaint.**

49. Venue is proper under Title 28 U.S.C. 1391.

**ANSWER:  The Individual Defendant Officers admit the allegations contained in Paragraph 49 of the Complaint.**

50. That at all times material hereto the defendants Berger, Vitalo and Unknown

Cicero Police Officers had a duty under the Fourteenth Amendment to the Constitution of the

United States to refrain from the violating the right of plaintiff Gerardo Magana to be free from

unlawful search and seizure.

**ANSWER:  The Individual Defendant Officers admit the existences of the duty alleged in Paragraph 50 of the Complaint, but deny that Gerardo Magana's rights were violated.**

51. That notwithstanding said duty, the defendants were then and there guilty of one or

   more of the following wrongful acts and/or omissions to act:

      a.  Displayed drawn weapons when entering plaintiffs back yard;

      b.      Pointed those weapons in the direction of plaintiffs;

   c.  Shot plaintiff Leticia Magana in the leg;

   d.  Shot plaintiffs dog;

   e.  Seized the person of plaintiff Gerardo Magana;

   f.   Handcuffed plaintiff Gerardo Magana;

   g.  Prevented plaintiff Gerardo Magana from aiding or comforting his mother Leticia Magana after said defendants wrongfully shot her;

   h.   Held plaintiff in custody without probable cause for an extended period, of time while his mother received treatment for her injuries;

   i.  Fired a weapon in plaintiffs direction, placing him in fear of death or great bodily harm; and

   j.  Recklessly used excessive force in violation of plaintiff's constitutional rights.

**ANSWER: The Individual Defendant Officers deny the allegations contained in Paragraph 51(a)-(j) of the Complaint.**

52. That as a direct and proximate result of one or more of the defendants' foregoing wrongful acts or omissions to act, the plaintiff sustained a violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, was wrongfully deprived of his right to be free from false arrest and false imprisonment, and caused to suffer physical and mental pain, suffering, anguish, and other diverse injuries.

**ANSWER: The Individual Defendant Officers deny the allegations contained in Paragraph 52 of the Complaint.**

<u>COUNT V</u>

<u>*MONELL* CLAIM BY PLAINTIFF GERARDO MAGANA AGAINST DEFENDANT TOWN OF CICERO</u>

53.    Plaintiff here re-alleges the allegations of paragraphs 1-39 as if fully set forth

herein.

**ANSWER:   The Individual Defendant Officers re-allege and incorporate by reference their answers to paragraphs 1 through 53 of the Complaint as though set forth in this paragraph 53 of their Answer to the Complaint in their entirety.**

54.     That Defendant Town of Cicero is an Illinois Municipal Corporation, which operates, administers, maintains and controls the Cicero Police Department as one of its executive branches.

**ANSWER:  The Individual Defendant Officers admit the existence of the Cicero Police Department and that said Department employs police officers.**

55.     That the Town of Cicero has established policies and procedures for its Police Department regarding the use of force, and regarding the provision of medical service to prisoners and detainees.

**ANSWER:  The Individual Defendant Officers admit the allegations contained in Paragraph 55 of the Complaint.**

56.     That in establishing said procedures, the Defendant Town of Cicero had a duty under the Fourth and Eighth Amendments to the Constitution of the United States, made applicable to the states through the Fourteenth Amendment to the Constitution of the United States, to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that prisoners or detainees would be subjected to the use of excessive force by the Cicero Police Department officers, or policies and procedures which created a substantial likelihood that persons would be wrongfully seized, falsely arrested, and/or wrongfully held in custody without probable cause by its agents, servants and employees employed by the Cicero Police Department.

**ANSWER:  The Individual Defendant Officers admit said duty exists, but deny that they violated said duty and/or the remaining allegations contained in Paragraph 56 of the**

Complaint.

57.     That notwithstanding its aforesaid duties, the defendant Town of Cicero was guilty
of one or more of the following wrongful acts or omissions to act in violation of the plaintiff's
aforesaid Constitutional rights:

> a.   allowed policies and procedures to continue in force and effect which resulted
>      in the use of outrageous excessive force against plaintiff,
>
> b.   had a custom and practice of failing to independently and adequately
>      investigate complaints of excessive force,
>
> c.   had a custom and practice of failing to effectively discipline or retrain police
>      officers who wrongfully utilized excessive force,
>
> d.   failed to establish appropriate policies and procedures to address the repeated
>      use of excessive force by police officers,
>
> e.   allowed the continuance in force and effect of policies and procedures which
>      failed to protect detainees who had sustained injury from the reckless
>      indifference of Defendant Town of Cicero's agents, servants and employees in
>      the Cicero Police Department to their serious medical needs.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in
Paragraph 57(a)-(e) of the Complaint.**

58.     That as a direct and proximate result of one or more of the defendant's foregoing
wrongful acts or omissions to act, the plaintiff sustained a violation of his rights under the Fourth
and Fourteenth Amendments to the Constitution of the United States, was unlawfully seized and
wrongfully held in custody, and suffered severe emotional distress, pain, suffering, mental
anguish, humiliation, and other diverse injuries.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in**

**Paragraph 58 of the Complaint.**

## COUNT VI

### CLAIM FOR COMMON LAW BATTERY BY LETICIA MAGANA AGAINST DEFENDANTS BERGER. VITALO AND TOWN OF CICERO

59.     Plaintiff re-alleges as if fully set forth herein the allegations of paragraphs

1-28 by this reference.

**ANSWER:   The Individual Defendant Officers re-allege and incorporate by reference their answers to paragraphs 1 through 59 of the Complaint as though set forth in this paragraph 59 of their  Answer to the Complaint in their entirety.**

60.     That Plaintiffs invoke the pendent jurisdiction of this Court over this common law

claim pursuant to 28 U.S.C.A. § 1367.

**ANSWER:  The Individual Defendant Officers admit the allegations contained in Paragraph 60 of the Complaint.**

61. That at all times material hereto the defendants Berger and Vitalo were on duty

Cicero police officers and were acting in the scope of their employment by the defendant Town

of Cicero as police officers for said town.

**ANSWER:  The Individual Defendant Officers admit that they are police officers employed by the Town of Cicero.  The Individual Defendant Officers neither admit nor deny the remaining allegations in paragraph 61.**

62. That the defendants' foregoing acts constitute a battery under the common law

of the state of Illinois.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 62 of the Complaint.**

63.     That the foregoing acts were done by defendants without any cause or

provocation by the Plaintiff with intent to cause her injury or with reckless indifference to the

foreseeable danger of death or great bodily harm to the plaintiff.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 63 of the Complaint.**

64.    That as a direct and proximate result of the defendants' aforesaid acts, the

Plaintiff suffered severe and permanent injury to her person, pain, suffering, disability, loss of

income, mental anguish, humiliation and other diverse injuries.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 64 of the Complaint.**


COUNT VII

STATE LAW CLAIM BY LETICIA MAGANA AND GERARDO MAGANA FOR RECKLESS INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS BERGER, VITALO. UNKNOWN CICERO POLICE OFFICERS AND TOWN OF CICERO

64.    Plaintiff re-alleges as if fully set forth herein the allegations of paragraphs

1-28  by this reference.

**ANSWER:   The Individual Defendant Officers re-allege and incorporate by reference their answers to paragraphs 1 through 64 of the Complaint as though set forth in this paragraph 59 of their Answer to the Complaint in their entirety.**

65.   That Plaintiffs invoke the pendent jurisdiction of this Court over this common law

claim pursuant to 28 U.S.C.A. § 1367.

**ANSWER:  The Individual Defendant Officers admit the allegations contained in Paragraph 65 of the Complaint.**

66.   That at all times material hereto the defendants Berger, Vitalo and Unknown Cicero

Police Officers were on duty Cicero police officers and were acting in the scope of their

employment by the defendant Town of Cicero as police officers for said town.

**ANSWER:  The Individual Defendant Officers admit that they are police officers employed by the Town of Cicero.  The Individual Defendant Officers neither admit nor deny the remaining allegations in paragraph 66.**

67.  That the defendants knew or should have known that their actions in shooting Leticia Magana, denying the plaintiff Gerardo Magana, his sister and their neighbors the opportunity to offer her aid and comfort after the shooting, shooting the family dog, shooting in the direction and in close proximity to plaintiff Gerardo Magana, refusing to allow anyone to give aid or comfort to their dog after it sustained two gunshot wounds, seizing plaintiff Gerardo Magana, wrongfully keeping him in custody for an extended period, and refusing to allow plaintiff Gerardo Magana to go to the hospital where his mother was receiving treatment for her wounds subjected the plaintiffs to a substantial likelihood of suffering extreme emotional distress.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 67 of the Complaint.**

68.  That the defendants' foregoing acts were committed with a reckless, willful and wanton disregard for the safety of the plaintiffs and their right to be free from actions which they knew or should have known were likely to cause them to suffer extreme emotional distress.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 68 of the Complaint.**

69.  That the foregoing acts were done without cause or provocation by the Plaintiff with intent to cause her injury or with reckless indifference to die foreseeable danger of death or great bodily harm to the plaintiff.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 69 of the Complaint.**

70.  That as a direct and proximate result of the defendants' aforesaid acts, the Plaintiffs Leticia Magana and Gerardo Magana suffered severe and extreme emotional distress, mental anguish, humiliation and other diverse injuries.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in Paragraph 70 of the Complaint.**

<u>COUNT VIII.</u>

<u>STATE LAW CLAIM FOR GROSS NEGLIGENCE BY LETICIA MAGANA AND
GERARDO MAGANA AGAINST DEFENDANTS
BERGER. VITALO. UNKNOWN CICERO POLICE OFFICERS AND TOWN OF CICERO</u>

71.    Plaintiff here incorporates by this reference the allegations of paragraphs

1-28  as if fully set forth herein.

**ANSWER:  The Individual Defendant Officers re-allege and incorporate by
reference their answers to paragraphs 1 through 71 of the Complaint as though set forth in
this paragraph 71 of their Answer to the Complaint in their entirety.**

72.    That at all times material hereto the defendants Berger, Vitalo and Unknown

Cicero Police Officers, individually and as agents, servants and employees of the defendant

Town of Cicero, had a duty to refrain from causing injury to the Plaintiff Leticia Magana through

gross negligence or willful and wanton misconduct.

**ANSWER:  The Individual Defendant Officers deny the allegations contained in
Paragraph 72 of the Complaint.**

73.    That in breach of their duty to refrain from causing injury to the Plaintiff through

their gross negligence or willful and wanton misconduct, Berger, Vitalo and Unknown Cicero

Police Officers, individually and as agents, servants and employees of Defendant Town of

Cicero, the Defendants were guilty of one or more of the following grossly negligent and/or

willful and wanton acts or omissions to act:

a.    willfully and wantonly or with gross negligence entered the back yard of

plaintiffs with drawn pistols;

b.    willfully and wantonly or with gross negligence shot the plaintiff Leticia

Magana;

    c.   willfully and wantonly or with gross negligence shot die plaintiffs' dog, "Blackie";

    d.   willfully and wantonly or with gross negligence shot in the direction and in close proximity to the plaintiff Gerardo Magana;

    e.   willfully and wantonly or with gross negligence falsely arrested and unlawfully held in custody the plaintiff Gerardo Magana;

    f.   willfully and wantonly or with gross negligence refused to allow plaintiff Leticia Magana's family, friends and neighbors to provide her with aid or comfort after shooting her;

    g.   willfully and wantonly or with gross negligence used excessive force in order to cause the plaintiff Leticia Magana injury although the defendants knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to the plaintiff.

**ANSWER: The Individual Defendant Officers deny the allegations contained in Paragraph 73(a)-(g) of the Complaint.**

74.    That as a direct and proximate result of one or more of the defendant's wrongful acts or omissions to act the Plaintiff Leticia Magana sustained severe and permanent injury to her person, pain, suffering, disability, mental anguish, humiliation and other diverse injuries.

**ANSWER: The Individual Defendant Officers deny the allegations contained in Paragraph 74 of the Complaint.**

WHEREFORE, INDIVIDUAL DEFENDANT OFFICERS move that this Honorable Court dismiss Plaintiff's Complaint and order any further relief that this Court may deem proper.

**AFFIRMATIVE DEFENSES FOR INDIVIDUAL
DEFENDANT OFFICERS BERGER AND VITALO**

As and for their Affirmative Defenses, the Individual Defendant Officers each state,

1. An award of punitive damages would deprive Individual Defendant Officers due process of law in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution where:

   a. liability for punitive damages has not been proved beyond a reasonable doubt, or at least by clear and convincing evidence;

   b. the award of punitive damages is disproportionate to actual damages; or

   c. any injury suffered by Plaintiff has not been proved to have been caused by the reckless, oppressive, insulting or willful and malicious actions of Individual Defendants Officers.

2. At all relevant times, Individual Defendant Officers acted in accordance with the policies and procedures of the Cicero Police Department in effect at that time.  Thus, individual Defendant Officers are entitled to qualified immunity for their actions, as they were not acting in their individual capacity.

3. Under the Illinois Local Governmental and Governmental Employee Tort Immunity Act ("Tort Immunity Act"), the Individual Defendant Officers are not liable because a public employee is not liable for any injury caused by the act or omission of anther person.  745 ILCS 10/2-204.  Accordingly, Plaintiff's claims against the Individual Defendant Officers are barred in whole or in part by the Tort Immunity Act.

4. Under the Tort Immunity Act, Individual Defendant Officers are not liable because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.  Accordingly, Plaintiff's state law claims against Individual Defendant Officers are barred in whole or in part by the Tort Immunity Act.

5. Under the Tort Immunity Act, Individual Defendant Officers exercised discretion on a non-ministerial matter and are not liable for any resulting injuries.  745 ILCS 10/2-201.  Accordingly, Plaintiff's state law claims against Individual Defendant Officers are barred in whole or in part by the Tort Immunity Act.

6. Probable cause in the form of an outstanding warrant existed for the arrest of Plaintiff.  Accordingly, Plaintiff's state law claims against The Town of Cicero are barred in whole or in part by the Tort Immunity Act.

7. Under Illinois law, Individual Defendant Officers are justified in the use of any force which each reasonably believed to be necessary to protect or defend himself or others from death or bodily harm.  720 ILCS 5/7-5.

8. To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

Respectfully submitted,

Del Galdo Law Group, LLC

*/s/ K. Austin Zimmer*
K. Austin Zimmer, Esq.,

K. Austin Zimmer
DEL GALDO LAW GROUP, LLC
Attorney No.  6276227
10526 W. Cermak Road, Suite 300
Westchester, IL 60154
Tel. (708) 531-8800