**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| LETICIA MAGANA and GERARDO MAGANA, ) ) ) Plaintiffs ) ) v. ) ) KARL BERGER, DINO VITALO, ) UNKNOWN CICERO POLICE ) OFFICERS and THE TOWN OF CICERO, ) An Illinois Municipal Corporation, ) ) Defendants. ) | No.   07 C 6651<br><br>Judge Guzman |

**PLAINTIFF'S RESPONSE TO AFFIRMATIVE DEFENSES SET OUT BY DEFENDANTS BERGER AND VITALO**

In response to the Affirmative Defenses set out by Defendants Berger and Vitalo, Plaintiffs each state:

1. An award of punitive damages would deprive Individual Defendant Officers due process of law in violation of the Fifth and Fourteenth Amendments to the U. S. Constitution where:
    a. liability for punitive damages has not been proved beyond a reasonable doubt, or at least by clear and convincing evidence;
    b. the award of punitive damages is disproportionate to actual damages; or
    c. any injury suffered by Plaintiff has not been proved to have been caused by the reckless, oppressive, insulting or willful and malicious actions of Individual Defendants Officers.

   **RESPONSE: Plaintiffs deny the applicability of Defendants' First Affirmative Defense to the facts of this case, and further deny that subparagraphs (a), (b) and (c) accurately set out the law applicable to punitive damage litigation.**

2. At all relevant times, Individual Defendant Officers acted in accordance with the policies and procedures of the Cicero Police Department in effect at that time. Thus, individual Defendant Officers are entitled to qualified immunity for their actions, as they were not acting in their individual capacity.

   **RESPONSE: Plaintiffs deny that Defendants are entitled to qualified immunity for the claims asserted by Plaintiffs.**

      3.     Under the Illinois Local Governmental and Governmental Employee Tort Immunity Act ("Tort Immunity Act"), the individual Defendant Officers are not liable because a public employee is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. Accordingly, Plaintiff's claims against the Individual Defendant Officers are barred in whole or in part by the Tort Immunity Act.

      **RESPONSE: Plaintiffs deny that Section 2-204 of the Illinois Local Governmental and Governmental Employee Tort Immunity Act ("Tort Immunity Act") provides any immunity to these Defendants from the claims asserted by Plaintiffs.**

      4.     Under the Tort Immunity Act, Individual Defendant Officers are not liable because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202. Accordingly, Plaintiff's state law claims against Individual Defendant Officers are barred in whole or in part by the Tort Immunity Act.

      **RESPONSE: Plaintiffs deny that Section 2-202 of the Tort Immunity Act provides any immunity to these Defendants from the claims asserted by Plaintiffs.**

      5.     Under the Tort Immunity Act, Individual Defendant Officers exercised discretion on a non-ministerial matter and are not liable for any resulting injuries. 745 ILCS 10/2-201. Accordingly, Plaintiff's state law claims against Individual Defendant Officers are barred in whole or in part by the Tort Immunity Act.

      **RESPONSE: Plaintiffs deny that Section 2-201 of the Tort Immunity Act provides any immunity to these Defendants from the claims asserted by Plaintiffs.**

      6.     Probable cause in the form of an outstanding warrant existed for the arrest of Plaintiff. Accordingly, Plaintiff's state law claims against the Town of Cicero are barred in whole or in part by the Tort Immunity Act.

      **RESPONSE: Plaintiffs lack sufficient information to form a reasonable belief as to the veracity of the allegation that an outstanding warrant existed for either Plaintiff, and therefore can neither admit nor deny said allegation. Plaintiffs deny that their state law claims against the Town of Cicero or these Defendants are barred in whole or in part by the Tort Immunity Act.**

      7.     Under Illinois law, Individual Defendant Officers are justified in the use of any force which each reasonably believed to be necessary to protect or defend himself or others from death or bodily harm. 720 ILCS 5/7-5.

      **RESPONSE: Plaintiffs deny that the provisions of 720 ILCS 5/7-5 provide any defense to the Defendants Berger and/or Vitalo under the circumstances set out in their claims.**

      8.      To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

**RESPONSE: Plaintiffs deny that they are guilty of any negligent, willful, wanton and/or other wrongful conduct which proximately caused their injuries, and therefore request that the court deny Defendants Berger and Vitalo's Eighth Affirmative Defense.**

                          Respectfully submitted,

                          /s/_____
                          One of the Attorneys for Plaintiffs

Atty. Code 1840800
LEO T. McGONIGAL
53 W. Jackson Blvd.
Suite 1430
Chicago, IL  60604
312-427-6226